J-S69044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH FLEMING | : | |
| | : | |
| Appellant | : | No. 3349 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001341-2013

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 27, 2020**

Appellant, Elijah Fleming, *pro se*, appeals from the order of the Court of Common Pleas of Philadelphia County, that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.  We vacate the order and remand for further proceedings consistent with this memorandum.

After a jury trial, Appellant was found guilty of first degree murder, conspiracy, and unlawful possession of a firearm.[2]  On May 15, 2014, Appellant was sentenced to an aggregate sentence of life in prison without the possibility of parole.  Appellant filed a direct appeal and on March 7, 2016,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(a), 903, and 6105, respectively.

this Court affirmed Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on September 7, 2016.

On August 1, 2017, Appellant filed this first, *pro se,* petition pursuant to the PCRA raising several claims of ineffective assistance of counsel and various constitutional violations. Appellant filed a supplemental PCRA petition on February 7, 2018. On March 15, 2018, George S. Yacoubian, Esquire was appointed as PCRA counsel. On September 17, 2018, PCRA counsel filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), seeking to withdraw his appearance based on his assessment that all the issues Appellant raised in his PCRA petitions were without merit. On September 24, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice). On October 10, 2018, Appellant filed a response to the Rule 907 Notice, stating that he did not receive a copy of counsel's "no merit" letter. On October 25, 2018, the PCRA court filed an order that dismissed Appellant's PCRA petition for lack of merit based upon counsel's "no merit" letter and permitted PCRA counsel to withdraw. On November 8, 2018, Appellant filed this timely notice of appeal.

Appellant presents the following issues for our review:

1. Whether the PCRA court erred by failing to provide Petitioner with a copy of counsel's **Finley** letter prior to the dismissal of the PCRA, which in turn failed to provide Petitioner with an opportunity to respond to the **Finley**

letter prior to the dismissal of his PCRA in violation of the due process clause.

2. Whether PCRA counsel rendered ineffective assistance of counsel.

3. Whether Petitioner was deprived of the effective assistance of direct appeal counsel when counsel failed to raise the issue that the state violated the fourteenth amendment's due process guarantee when it knowingly presented and failed to correct the false testimony of Kareem Terry at the time of Petitioner's trial.

4. Whether Petitioner was deprived of the effective assistance of counsel and the right to confrontation guaranteed by the sixth amendment when trial counsel failed to properly object to the revelation of a nontestifying codefendant's redacted confession which incriminated the defendant through use of the term "the other man."

5. Whether Petitioner was deprived of the effective assistance of trial counsel when counsel failed to request a "Kloiber" instruction in connection with Samir Green's eyewitness testimony.

6. Whether Petitioner was deprived of the effective assistance of direct appeal counsel when counsel challenged the sufficiency of the evidence for a first degree murder conviction but failed to argue that the conviction was barred because the words allegedly said by Petitioner could equally mean an intent to injur, [sic] intent to intimidate, or an intent to kill, so that any conviction for intentional murder was speculative; and whether Petitioner was further deprived of effective direct appeal counsel when counsel failed to argue that the conviction of first degree murder violated the due process guarantee because the evidence of specific intent to kill was so lacking that no reasonable juror could find that element beyond a reasonable doubt.

7. Whether Petitioner was deprived of the effective assistance of trial counsel when counsel did not object or did not properly object when the trial court permitted the prosecution to introduce the prior consistent statement of witnesses Samir Green and Kareem Terry when those

statements did not predate any corrupt motive or bias and were otherwise inadmissible as they improperly strengthened the witness testimony, and to the extent that counsel did not object, Petitioner was deprived of the effective assistance of direct appeal counsel when this issue was not raised on appeal.

8. Whether Petitioner was deprived of the effective assistance of trial counsel when counsel failed to prepare the "prison" tapes in a way in which the jury could hear the audio, because this issue was crucial to the Petitioner's defense that Kareem Terry was the shooter – who acted of his own decisiveness – and if the jury heard the tapes clearly, it would have been relevant to impeach Kareem Terry's testimony.

Appellant's Brief at 4-5.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

> This Court grant[s] great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Appellant's first two issues can be addressed together. "Appellant's claim that the PCRA court erred as a matter of law in permitting counsel to withdraw, although necessarily discussing PCRA counsel's alleged ineffectiveness, is not an ineffectiveness claim." **Commonwealth v. Rykard**,

55 A.3d 1177, 1184 (Pa. Super. 2012) (citation omitted). Determining whether PCRA counsel and the PCRA court adhered to the mandates of *Turner*/*Finley* is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. *Id*. at 1183-84.

Appellant argues that he never received a copy of PCRA counsel's "no merit" letter and, therefore, the PCRA court erred in dismissing his petition and allowing counsel to withdraw. Appellant raised this issue in his response to the PCRA court's Rule 907 Notice and requested permission to amend his PCRA petition. Therefore, Appellant has preserved this issue for review. *See id*. at 1186.

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); *Commonwealth v. Cherry,* 155 A.3d 1080, 1082 (Pa. Super. 2017) (citation omitted). In addition, a defendant is entitled to "effective representation" on the part of counsel who represents a PCRA petitioner. *Finley*, 550 A.2d at 215. Counsel who petitions to withdraw from PCRA representation must proceed in accordance with *Turner*, 544 A.2d 927 and *Finley*, 550 A.2d 213, and must also comply with additional procedural requirements. *See also Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (citation omitted) (the additional procedural requirements that counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the

right to proceed *pro se* or by new counsel are applicable during collateral review).

> Counsel petitioning to withdraw from PCRA representation must proceed under . . . **Turner** . . . and **Finley** . . . and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citation omitted) (some formatting).

> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/ **Finley** request or an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted).

Instantly, the record shows that counsel filed a **Turner**/**Finley** "no merit" letter with the PCRA court. The letter stated, "I have informed Mr.

Fleming that, in my opinion, there are no viable PCRA claims and that, in the event his *pro se* petitions are dismissed pursuant to **Finley**, he will no longer be eligible for court-appointed counsel, but could represent himself or retain counsel." "No merit" letter, at 1 (unpaginated). At the bottom of the "no merit" letter, appears the following, "cc: DA's Office, PCRA unit[,] Court of Common Pleas PCRA Unit[,] Defendant Elijah Fleming[.]" **Id**. at 5 (unpaginated). There is no certificate of service attached to counsel's "no merit" letter. Moreover, in his "no merit" letter, counsel does not state that he is intending to send or has already sent a copy of the "no merit" letter to Appellant.

We find the record does not conclusively demonstrate that PCRA counsel ever provided Appellant a copy of the "no-merit" letter.[3] PCRA counsel did not state in the "no merit" letter filed with the PCRA court that he had served or was going to serve the "no merit" letter on Appellant, and the letter lacks a certificate of service showing the letter was in fact served. While Appellant was included on the "cc" line of the "no merit" letter, there is no indication of the manner that the letter was sent or the address to which it was sent. We note the Commonwealth, in its brief to this Court, stated it does not oppose the PCRA court determining on remand whether defendant was provided an opportunity to respond meaningfully to PCRA counsel's "no merit" letter.

---

[3] We note that counsel also did not file an application to withdraw with his "no merit" letter, and, therefore, obviously did not comply with the directive to serve a copy of the application to withdraw to Appellant as dictated in **Muzzy.**

Commonwealth's brief at 14. *See **Commonwealth v. Bush***, 197 A.3d 285, 287-88 (Pa. Super. 2018) (PCRA counsel failed to comply with technical requirements of ***Turner/Finley*** where "no merit" letter stated counsel "intends to provide" appellant with copy of "no merit" letter and "will advise" appellant of his right to proceed *pro se* or hire private counsel).

In light of Attorney Yacoubian's failure to satisfy the dictates of ***Turner/Finley*** and ***Widgins***, requiring counsel to serve a copy of the "no merit" letter to Appellant, we find the PCRA court erred by permitting counsel to withdraw. Consequently, we vacate the PCRA court's order dismissing Appellant's PCRA petition and remand with instructions that counsel file an amended PCRA petition or refile a ***Turner/Finley*** "no merit" letter with the PCRA court that fully complies with the mandates of ***Turner/Finley*** and ***Widgins***, including the direction to serve a copy of his "no merit" letter to Appellant. If, upon receipt of PCRA counsel's newly filed "no merit" letter or amended PCRA petition, the PCRA court subsequently intends to deny relief without a hearing, it must issue a notice pursuant to Pa.R.Crim.P. 907 explaining the reasons for its dismissal, and it must serve the notice upon Appellant in accordance with Pa.R.Crim.P. 114.[4]

_____

[4] Since we are vacating the PCRA court's order based on Appellant's first two issues, we need not address his remaining issues. We note that the Commonwealth, in its brief, requested that this Court remand to allow Appellant the opportunity to respond to discovery related to Detective Nordo that the Commonwealth sent to Appellant in August 2019. Nothing in this opinion is intended to limit PCRA counsel from filing a petition to amend the PCRA petition following remand.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/20